And we move to case number six, Grzegorczyk versus USA. Okay, Ms. Ramirez. Ramirez, thank you. Thank you, sorry, I had a delay.  My name is Colleen Ramirez and I am here on behalf of defendant appellant Zenon Grzegorczyk. Where the facts alleged and admitted in a guilty plea do not constitute a crime against the laws of the United States, a defendant is entitled to be discharged from his conviction. In other words, a guilty plea does not bar a claim on appeal where on the face of the record, the court had no power to entertain, to enter the conviction or impose the sentence. Mr. Grzegorczyk's case presents just such an issue. The crux of the claim here is that the permissible scope of the statute of his conviction, section 924C, does not extend to his admitted conduct and therefore that the district court had no power to enter the conviction or impose the sentence. Ms. Ramey, how do you get around our recent decisions in Oliver and Wheeler that essentially say this is not a constitutional challenge, it's challenging a statutory construction of the elements and therefore it's been waived? Your Honor, there are a couple of things to note. First of all, in Oliver, I believe that the defendant had a broad appeal waiver, which would extend to cover even constitutional or other statutory challenges. This case is distinguishable. And I'm sorry to interrupt, Ms. Ramey, that wasn't the basis of the court's decision that it was broad. The basis of the court's decision was distinguishing between what is a true constitutional argument versus what is a statutory construction argument. Yes, Your Honor, and I do note that especially Wheeler particularly hits that question squarely on the head. The answer to that really is that the rationale for the Supreme Court's decision in class squarely really addresses this point. And my opening really drew from the rationale of class. So are you saying and asking us to overrule Wheeler and element? Are you saying they were wrongly decided given class? Or are you saying that despite those, you still have a constitutional argument? Your Honor, I mean, Wheeler noted that the argument here is constitutional in part, that being that part of the statute is unconstitutional, which has been decided at this point. But the other component is that then, because of this constitutional problem, then you do have to conduct a statutory analysis to determine that the predicate offense was not actually a crime of violence. So yes, to the extent that Wheeler certainly says that that is not cognizable based on a simple plea of guilty and would argue that that is wrongly decided. Wheeler was decided without the benefit of the Supreme Court's decision in class. It was decided before that decision was published. And I think that the- What language do you rely upon in class to carve out a non-constitutional based challenge essentially to whether someone committed a criminal offense? In other words, what passage in class suggests that an elements clause claim survives in the face of a plea like this? Well, the quotation that I read earlier, which is at page 804 of class, when they were quoting, the class opinion quoted Brose, and there they said, you know, the court cannot bar a claim on appeal where on the face of the record, the court had no power to enter the conviction or impose the sentence. It doesn't say that, you know, the legislature had no power to create a law that would bar the imposition, but really the court had no power to impose it. And the court has no power to impose, to enter a conviction or impose a sentence if the conduct on the face, you know, if the conduct admitted does not constitute a statutory, a crime under the statute, under the law. And because Davis has retroactive effect, Johnson and Davis have retroactive effect, the court never had the power to enter a conviction under the statute. The argument is that the, you know, that the court never had the power to enter the conviction or impose the sentence under 924C because as a matter of law, the murder for higher charge is not a crime of violence. Now, of course, that does implicate a statutory construction principles, but this court has done that before. We've seen the court do that in connection with the Bailey line of arguments. So there, the Supreme Court took a pure question of statutory interpretation as to the scope of the word use in the 922G statute. And the Bailey decision found that the courts had been over-interpreting the scope of the use. It constrained the conduct to which the statute applied. And we saw many, we saw 2255s be adjudicated on the base of Bailey, which was also made retroactive. Ms. Ramey, I have a question about the challenge to the guilty plea that your client seeks to advance as well. Is there any portion of the 2255 motion that mentions anywhere a challenge to the plea? Your Honor, the 2255 being written pro se was relatively general, but he challenged the plea basically, and- I looked at it. I honestly don't see one word about the guilty plea. I don't think that he expressly invoked the guilty plea, but the idea is that the offense to which he pleaded guilty is not an offense anymore. And so now he regrets, I mean, it was never an offense and he doesn't wish to have pleaded guilty to it, which is why, you know, because it is a pro se pleading and because it is to be literally construed, I did check, I talked to Mr. Zhigorychuk about this and he agreed that, you know, he feels that his plea was not knowing involuntary. So I do agree that the record was not well-developed in that sense, but this would be an alternative basis on which this court could find that he has preserved his rights. I see I'm already in my rebuttal time, but so I will let the government present so that I may better answer any remaining questions. Thank you, counsel. Ms. Kasternik? Thank you, and may it please the court, good morning. The district court properly dismissed the defendant's 2255 petition. As the court held by entering an unconditional guilty plea to the 924C charge, the defendant waived the argument that he now makes that soliciting a murder for hire is not a crime of violence under the elements clause. This conclusion is compelled by this court's decision in Davila. Like this case, Davila involved a 2255 petition. It also involved an underlying crime of violence, conspiracy to commit Hobbs Act robbery that would not have qualified Post Johnson and Davis as a crime of violence. And the court nonetheless held that the defendant's decision not to challenge the 924C claim and instead to plead guilty to it, confined the court's inquiry to whether the plea was counseled and whether it was voluntary. It was in Davila, and it was in this case too. Despite the defendant's claim on appeal that his plea was involuntary, the defendant at no point in the 2255 proceedings below alleged that his plea was involuntary. That makes sense because that claim would not have matched the claim made and the relief sought. This is not like a case where the factual basis of the plea was missing a key element like this court's post-reheaf decisions. Instead, the remedy, instead of a new trial being sought or withdrawing the guilty plea, the remedy sought is an opportunity to challenge the legal sufficiency of the 924C charge in the indictment. And this is demonstrated by the 2255 petition itself. The last two pages, the defendant says, the law is unclear as to whether Johnson invalidates the sentence. So it's an issue that should be decided in the first instance in the district court. In other words, he seeks a chance to challenge the legal sufficiency of the 924C charge in light of the lack of a residual clause. And that's the relief that he needed to have sought before he entered the guilty plea and that Davila and Wheeler says is now waived. To respond to the defendant's argument that those cases depended on the appellate waiver, that's incorrect. Davila did involve a waiver of the defendant's appeal and collateral relief rights, but Wheeler did not. And the court in Wheeler extended the holding in Davila to generally posit that the guilty plea itself constitutes a sufficient waiver of the underlying statutory claim with respect to the post Davis position that it would not qualify under the elements clause. If the court has no questions for the government, the government would ask that it affirm the judgment of the district court. Thank you, counsel. Ms. Romero. Thank you, Renner. I'd just like to note that to clarify, I do recognize that Wheeler did not have a broad appeal waiver that was Oliver, I believe I was talking about, but more to sort of the heart of this issue is that, adopting a guideline such as was laid out in the discussion in class that would extend the opportunity to litigants to file post conviction petitions where the argument is and where the issue at hand is whether or not the district court had no power to enter the conviction or impose the sentence would not only be consistent with the precedent in class and in Bailey, but it would also better preserve the principles of retroactivity. The government's reading of the precedent really would cut the legs out of retroactivity because if a defendant waves any challenge to the validity of his conviction when he pleads guilty, even though it's based on supervening retroactive decisions of the Supreme Court, 97% of federal criminal defendants would have no basis for relief. And when there's a retroactive decision because 97% would be guilty. And so we would be, on the flip side, we would be creating incentives for people to go to trial where the law is clear just to preserve the, an issue where, you know, that in the future may, the law may become, law may change, here the law changed. And if Mr. Jogoracek wanted to preserve any potential issue that may come up, even though he admitted to the factual basis of his conduct, he would have had to go to trial presumably to preserve any potential issue. And even then the government would likely argue that he had waived this argument because he had not, he maybe did not file what would have been a frivolous motion to dismiss the case based on Seventh Circuit precedent at the time. And so the consequences of the holding that the government is looking for reach really extensively. And we urge this court to overrule Mueller and hold that the rationale of class says that litigants like Mr. Jogoracek can bring collateral attacks to invalid convictions. Thank you. Thank you. Thanks to both counsel and the cases taken under advisement and the court will be in recess.